**STATE**

v.

**David LESSARD.**

**No. 99–80–C.A.**

Supreme Court of Rhode Island.

June 26, 2000.

Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In the middle of presenting its case during a jury-waived rape trial, the prosecution advised the trial justice and defense counsel that it was prepared to reduce the first-degree sexual assault charge against the defendant, David Lessard, to a second-degree charge, allow the defendant to plead nolo contendere, and recommend a sentence with no incarceration. The trial justice expressed surprise at this development and remarked that, based upon the testimony he had already heard, he believed the state had presented sufficient evidence to support the charge of sexual assault in the first degree. He then inquired of the victim, who also was the complaining witness in this case, about her thoughts on the proposed plea arrangement. She expressed concern that the defendant might "walk away" from the charge, opining that the defendant was "not an innocent man." The trial justice then stated:

> "Well, I am disinclined to stop this trial now. I mean, if the State—I have no control if the State wants to dismiss the entire indictment and abandon their prosecution, which an attorney general should do if they conclude that they have an innocent man on trial, if they were to conclude that someone giving testimony in a case such as this had

fabricated something or was lying, then the State would have an obligation of the highest degree to—* * * [t]o abandon the prosecution, but if that is not the case, then you got to take your chances with the judge, or if there were a jury, with the jury."

Following a recess, the state then asked the court to proceed with the trial to its conclusion. Before the state presented its next witness, defense counsel moved to pass the case, arguing that it was improper for the court to address the complaining witness during the trial and that her comments could have had an impact on the court's judgment. The trial justice denied defendant's motion to pass the case and proceeded to find defendant guilty as charged of first-degree sexual assault.

After the court sentenced him to fifteen years—six to serve and nine suspended with probation—defendant filed this appeal. Following a prebriefing conference, a single justice of this Court ordered the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' oral and written arguments, we conclude that no cause has been shown and that the appeal can be resolved at this time.

At trial, the victim testified that in October 1993 she lived with her father and infant son on the third floor of a three-family house in West Warwick. When she moved into the apartment, defendant lived across the street, sharing an apartment with friends. At some point, however, defendant, who was a friend of the victim's father, moved in with them after his friends threw him out of their apartment.

On the evening of October 8, 1993, the victim, her father, and defendant had been drinking beer at the victim's residence. Eventually, the victim and her father fell asleep on an L-shaped living room sofa, while the victim's son slept on the floor beside her. The victim testified that the next thing she remembered was waking up with defendant on top of her, as he was penetrating her vagina with his penis. Upon realizing what was happening, she pushed defendant from her body, ran after him, and assaulted him with a flurry of punches. She then yelled to her father that defendant had raped her. Her father awoke and proceeded to assault defendant while she called the police.

The West Warwick Police Department arrested defendant in the early morning hours of October 9, 1993. While defendant was at the police station, an officer overheard him calling a friend and saying "They got me for raping [the victim]." During the police questioning of defendant, he told them that he did not have sexual intercourse with the victim but that he did touch her sexually and that, while he was doing so, the victim awoke.

### Denial of the Motion to Pass

■ The defendant argues that the trial justice erred in denying the motion to pass. He maintains that the trial justice's questioning of the complaining witness prejudiced him, particularly because, he suggests, the complaining witness's remarks influenced the trial justice in his decision to reject the proposed plea agreement. Nevertheless, defendant failed to object at the trial to the court's questioning of the complaining witness, and therefore defendant has waived this objection. Moreover, defendant failed to show that the trial justice was biased or prejudiced against him. On the contrary, the trial justice stated that there was "no prejudgment on my part." His comments concerning the state's evidence were analogous to the court's merely suggesting that the state had presented sufficient evidence on the record to withstand a motion for judgment of acquittal.

■ It is well established that a decision to pass a case and declare a mistrial is a matter left to the sound discretion of the trial justice. See State v. Figueroa, 673 A.2d 1084, 1091 (R.I.1996). This Court gives great deference to a trial justice's

decision in declining to pass a case because "he or she possesses a 'front-row seat' at the trial" and can best determine whether the defendant has been prejudiced. *Id.* (quoting *State v. Tempest*, 651 A.2d 1198, 1207 (R.I.1995)). Therefore, a trial justice's determination to deny a motion for a mistrial will not be disturbed unless it is clearly wrong. *Id.* Given the defendant's failure to object to the questioning and the lack of any evidence of bias or prejudice on the part of the trial justice, we are unable to conclude that the trial justice abused his discretion in denying defendant's motion to pass the case.

### Recusal

■ The defendant next asserts that the trial justice erred in not recusing himself after he inquired of the complaining witness about her reaction to the state's plea-bargain proposal. He asserts that this inquiry "created the appearance of impropriety." Here again, however, it does not appear from the record that defendant ever asked the trial justice to recuse himself. Nevertheless, given the court's questioning of the complaining witness and its unwillingness to accept the proposed plea agreement, defendant argues that the trial justice should have recused himself sua sponte. But before we will require a trial justice to recuse himself or herself to avoid the appearance of impropriety, facts must be "elicited indicating that it is reasonable for members of the public or a litigant or counsel to question the trial justice's impartiality." *State v. Clark*, 423 A.2d 1151, 1158 (R.I.1980). "[R]ecusal is not in order by a mere accusation that is totally unsupported by substantial fact." *Id.* Here, defendant's mere assertions and accusations that the

trial justice was partial or biased are unsupported by the record. The trial justice's mere comments on the sufficiency of the state's evidence and his inquiry of the complaining witness concerning her opinion about the proposed plea bargain were not of themselves grounds for recusal. Therefore, even assuming without deciding that defendant had preserved this issue for review despite his failure to move for recusal before the Superior Court, the trial justice did not err in refusing to recuse himself sua sponte from presiding at this trial.

### Allowing the Victim to Address the Court

■ Finally, the defendant argues that the trial justice erred in allowing the victim to address the court during the trial. Invoking G.L.1956 § 12–28–4.1(a),[1] he insists that a victim of crime may address the trial court before it accepts a negotiated plea and imposes sentence only if the victim asks to do so, but he contends the court has no authority to initiate such a communication from the victim. Here, though the victim did not ask permission to address the court, the court nonetheless solicited the victim's opinion on the proposed plea. Although § 12–28–4.1 affords a victim of crime the right to address the court before the acceptance of a plea agreement upon his or her request to do so, it does not bar the court from inquiring of the victim in the absence of such a request. Moreover, article I, section 23, of the Rhode Island Constitution provides that "[b]efore sentencing, a victim shall have the right to address the court regarding the impact which the perpetrator's conduct has had upon the victim." This con-

---

1. General Laws 1956 § 12–28–4.1(a) provides:

   "**Right to address court regarding plea negotiation.**—(a) Prior to acceptance by the court of a plea negotiation and imposition of sentence upon a defendant who has pleaded nolo contendere or guilty to a crime, the victim of the criminal offense shall, upon request, be afforded the opportunity to address the court regarding the impact which the defendant's criminal conduct has had upon the victim. The victim shall be permitted to speak prior to counsel for the state and the defendant making their sentencing recommendations to the court and prior to the defendant's exercise of his or her right to address the court."

stitutional right is not conditioned upon the victim's first requesting the opportunity to address the court for this purpose. Hence, we deny the defendant's appeal and affirm the judgment of the conviction.